DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the July 20, 2004 judgment of the Lucas County Court of Common Pleas, which sentenced appellant, Karveece Goings, following his conviction of robbery, a violation of R.C. 2911.02(A)(2). Upon consideration of the assignments of error, we affirm the decision of the lower court. Appellant asserts the following single assignment of error on appeal:
 {¶ 2} "The verdict was unsupported by and against the manifest weight of the evidence."
 {¶ 3} The following evidence was submitted in this case. Anthony Lewis, a 15-year old student, testified that after he walked his girlfriend home on February 9, 2004, he was returning to his home along North Haven and Corbin Streets in the city of Toledo. It was between seven and eight o'clock in the evening and the street lights had just come on because it was getting dark. Lewis heard a sound behind him. As he turned to see what made the noise, he was struck in the left temple and thrown to the ground. Two men wrestled with him and kicked him before taking his cell phone and wallet. He had $30 in his wallet and some gift cards. His cell phone was recovered the next day, but not his wallet.
 {¶ 4} Lewis noticed that one of the men wore a red hooded sweatshirt and that they were both young African Americans. One man was Lewis' height, about five foot, seven inches, and the other man was "kind of tall." About 45-to-60 minutes later, the police took Lewis to Larchmount Garden apartments to show him two men. The two men were both African American and of varying heights. One of the men was carrying a red sweatshirt. Lewis was unable to identify them as the robbers.
 {¶ 5} Caprise A., a 14-year-old, testified that he has several prior offenses and was currently charged with robbery based upon his participation in this crime. As part of his plea agreement, Caprise A. agreed to testify against Goins, whom Caprise A. has know for some time. Caprise A. testified that he was walking with Goins on February 9, 2004, toward the home of Roderick Wright at Larchmount Gardens apartments.
 {¶ 6} Caprise A. testified that he saw Lewis and asked him what time it was. Then, Goins hit Lewis and Caprise A. came from behind and pushed Lewis. Consistent with his confession to the police, Caprise A. denied kicking Lewis when he was on the ground and denied stealing his wallet. After Goins grabbed Lewis' phone, Goins and Caprise A. ran toward Wright's apartment. Inside they told Wright's uncle that they were going to throw the phone away because it was stolen. The uncle said that he would take it. Caprise A. and Goins left the phone with the uncle and then walked to their respective homes.
 {¶ 7} One of the responding officers testified that he immediately began to comb the neighborhood looking for the suspects. He was eventually directed to the apartment of Wright where he found Lewis' cell phone laying on a table. The officer called the number given to him by Lewis and the phone rang. The officer was also able to match the phone to an identical one purchased by Lewis' father at the same time. Goins and Caprise A. were not present, but one other individual was there. Both Wright and the young man in his home said that some "dude" left the phone. The officers conducted a show-up with Wright and one other man. Lewis was unable to identify these men as the robbers.
 {¶ 8} Wright, an 18-year-old, testified that he has known Goins and Caprise A. for about a year and a half. Wright further testified that on February 9, 2004, he was in his apartment with his uncle and a friend. Goins and Caprise A. came to the apartment that night and one of them was carrying a cell phone, probably Caprise A. They were trying to get rid of the phone that they had taken from a young man. Although Wright did not want the phone, his uncle wanted to try to sell it. He picked up the phone and left for a few minutes before returning with the phone. Goins and Caprise A. left the apartment leaving the phone behind. Five-to-seven minutes later, the police arrived. When questioned about the phone, Wright told the police that some "dudes" had left it there. Wright did not hear the cell phone ring in the apartment and believed that it was off. He eventually provided the police with the names of Goins and Caprise A.
 {¶ 9} Appellant argues in his sole assignment of error, that there was no evidence that he was involved in the robbery. He argues that the testimonies of Caprise A. and Wright were not credible because of Caprise A.'s criminal history and plea bargain regarding charges stemming from this crime and the fact that Wright was never charged with other crimes related to this case.
 {¶ 10} Even if there is sufficient evidence to support the verdict, the appellate court may find that the verdict is against the weight of the evidence. State v. Thompkins (1997),78 Ohio St. 3d 380, at 386-390. A challenge to the weight of the evidence questions whether the greater amount of credible evidence was admitted to support the conviction than not. Id. at 387, andState v. Smith (1997), 80 Ohio St. 3d 89, 114, certiorari denied (1998), 523 U.S. 1125. A reviewing court will grant a new trial only in an exceptional case where the evidence weighs heavily against conviction. Thompkins, supra.
 {¶ 11} Upon a review of all of all of the evidence presented in this case, weighing the evidence and all reasonable inferences, and consideration of the credibility of witnesses, we find that the jury did not lose its way and that a manifest miscarriage of justice did not occur in this case. While there was reason to question the credibility of the testimony of these two witnesses, the evidence in total would support a conclusion that they were credible. The jury clearly did not lose its way it deciding this case. Therefore, we find appellant's sole assignment of error not well-taken.
 {¶ 12} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Singer, P.J. Parish, J. Concur.